Waties, J.
ruled that the prosecutor should make his election forthwith, whether to proceed in his civil action, or not; and that tn case he should refuse to discontinue his civil suit, the solid-tor of the cireuit should enter a.nolle prosequi to the criminal prosecution.
The court here, after argument, resolved, that a prosecutor of an indictment for an assault, &c. has a right to proceed as well *386 civilly, as criminally, against the trespasser ; to recover a satisfactioti in damages for the private injury, and to punish the party for the public oílbnce: aud that he cannot be forced to make an election to proceed in one way only. And the court declared that the case of the State v. Blyth, was not law. See 3 Bl. Com. 121, 4 Bl. Com. 156. 1 Bac. Abr. 64. The court said, that a party applying for an information may be compelled to waive his right of action ; or rather, it may be made a condition upon which the information shall be granted, because the granfi- g of an information is in the discretion of the court., ami is an ailmrarv mid oppressive mode of proceeding. 2 T. R. 198. 3 Bur. 720. 14 Vin. Abr. 406. But a prosecutor may have h ave to proceed by inlorrnalton, and by action. 2 T. R. 198. The amendments of the constitution of the United States, which redare that no person shall beheld to answer n capital offence, except on presentment or indictment ; and our State constitution, which declares that all pro~ -secutions shall be carried ort in the name, and by the authority, of the State of South Carolina, and conclude against the peace and dignity of the same, have consid rably abridge d, if not entirely abolished, the practice of proceeding by way of information with us : aud therefore, the doctiino of election cannot apply. If the proseculor, in such case as the present, will not agree to relinquish his civil remedy, the court will not compel him ; aud he shall not be kneed to make his election. 1 Bos & Pul. 191.
The attorney general refused, in the case cited, to grant a nolle proscq.d, and ihe chief justice in the case said he had never done it, while he was attorney general.
It seems, however, that the attorney general may enter a nolle prosequi, in his discretion ; but it should only be done on special occasions of peculiar vexation or hardship, or in very favorable cases in regard to the aciused. It is said in a note lo l Bac. Abr. 64, that allhough the prosecutor by indictment canni t be compelled to make any suck election, yet, in cases of assault and battery, the court will rot g-.ve a severe judgment upon ihe criminal conviction, unless the prosecutor will agree to relinquish his civil r< medy.
Order of the district court reversed.
I resent, Grimke. Wati. s. Johnson, Trezevant, and Be®» yard, Justices; Bay, J. absent.